Joseph S. Deutsch, J.
A petition and an amended petition filed in this court charge, inter alia, that respondent, a juvenile, in concert with three other persons (all adults) committed an act which, if done by an adult, would constitute the crime of homicide. The three adults, Moses Rodriguez, George Alejandro and Abelardo Alejandro, were indicted' by a Bronx Grand Jury for the crime of homicide (Francisco Torres homicide case indictment No. 2247/69). That case is now pending before the Supreme Court, Bronx County, for trial.
Respondent moves this court for an order directing the District Attorney, Bronx County, to turn over to this court the minutes of the Grand Jury of witnesses who have testified before the Grand Jury and who will testify on behalf of the petitioner in this proceeding. It should be noted that the prosecutor in this case is the Corporation Counsel of the City of New York and not the District Attorney of Bronx County.
It is well established that in a criminal trial defense counsel has a right to examine, for cross-examination, prior statements and Grand Jury testimony of People’s witnesses who testify at the trial. (People v. Rosario, 9 N Y 2d 286; People v. Malinsky, 15 N Y 2d 86; People v. Jaglom, 17 N Y 2d 162; People v. Ballott, 20 N Y 2d 600 ; People v. Ross, 21 N Y 2d 259.)
The critical issue here is whether this court may direct the producing of such prior statements and Grand Jury minutes for use in this court.
Section 259 of the Code of Criminal Procedure states, in part, as follows: ‘ ‘ Grand jury, when bound to disclose the testimony of a witness. A member of the grand jury may, however, be required by any court, to disclose the testimony of a witness examined before the grand jury, for the purpose of ascertaining whether it is consistent with that given by the witness before the court ” (emphasis supplied).
Section 259 is clear and unambiguous and a literal and unstrained reading of the section and the words “ any court ”, in this court’s opinion, includes the Family Court.
It is important to note that the event that brings the respondent before this court is, by definition, the equivalent of a crime, i.e., an “ act which, if done by an adult, would constitute a crime ” (Family Ct. Act, § 712, subd. [a]). Moreover, juvenile delinquent proceedings are “ at the very least quasi-criminal in nature ” (Matter of Gregory W., 19 N Y 2d 55, 62).
Therefore, in the interest of justice, the motion is granted. To hold otherwise, would violate respondent’s rights to due process and equal protection of laws.
*701 Accordingly, the District Attorney of Bronx County is directed to produce in this court on the day of trial of this action all prior statements and Grand Jury minutes of witnesses who will testify in this case.